# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEODORA ESTRADA-ALVAREZ, | : | Civil No. 1:22-CV-01008 |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

On June 27, 2022, Petitioner Teodoro Estrada-Alvarez ("Petitioner"), a prisoner confined at the Federal Correctional Institution Allenwood-Medium ("FCI-Allenwood"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241.  (Doc. 1.)  Petitioner seeks an order finding that the Bureau of Prisons ("BOP") can not exclude him from early release or home confinement because of his immigration status.  For the reasons discussed below, the court will dismiss the petition without prejudice.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a sentence imposed by the Central District of California and states that he is being held on immigration charges.  (Doc. 1, p.1.)[1] Petitioner filed the instant petition for writ of habeas corpus and paid the required filing fee.  (Docs. 1, 5.)  He challenges the denial of his request for early release

---

[1] For ease of reference, the court utilizes the page numbers from CM/ECF header.

1

and home confinement on the grounds that finding he is "excluded" from such relief because of his immigration status is a violation of the Equal Protection Clause of the U.S. Constitution.  (Doc. 1.)

## DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254, Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254, Rule 1.

In 2004, the Supreme Court made it clear that petitions filed pursuant to § 2241 must be filed against a person:

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.*

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  The United States is not a person within the meaning of 28 U.S.C. § 2242.  Therefore, the United States is not the correct Respondent in this case.

The Third Circuit has recently upheld the general rule that in a § 2241 petition, the Petitioner "should name his warden as respondent and file the petition in the district of confinement." *Anariba v. Director Hudson County Correctional Center*, 17 F.4th 434, 444 (3d Cir. 2021) (*citing Padilla*, 542 U.S. at 441). Therefore, this petition will be dismissed without prejudice, and Petitioner may file an amended petition within 30 days naming the correct respondent.

## CONCLUSION

For the foregoing reasons, the court will dismiss Petitioner's petition for writ of habeas corpus without prejudice.  (Doc. 1.)  Petitioner will have thirty (30) days in which to amend his petition.  This court will administratively close the case for statistical purposes but will retain jurisdiction over the Petition during this thirty-day period and reopen the case to consider Petitioner's arguments in the event that he files an amended petition.  An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 11, 2022