IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEODORO ESTRADA-ALVAREZ, | : | Civil No. 1:22-CV-01008 |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Pending before the Court is Petitioner Teodoro Estrada-Alvarez petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the petition will be dismissed as moot.

## BACKGROUND

On June 22, 2022, while incarcerated at the Federal Correctional Institution Allenwood Medium ("FCI-Allenwood Medium") in White Deer, Pennsylvania, Petitioner commenced the above-captioned action by filing a Section 2241 petition naming the United States of America as the respondent. (Doc. 1.) The court received the petition on June 27, 2022. (*Id.*) That same day, the court entered an order requiring Petitioner to pay the filing fee or file an application to proceed *in forma pauperis*. (Doc. 3.) Petitioner paid the filing fee on July 22, 2022. (Doc. 5.) The court then screened the petition and dismissed it for failing to name a person as the respondent. (Docs. 6, 7.) Petitioner then filed a motion to correct the

1

caption of his petition to name Warden Jamison as the respondent. (Doc. 8.) The court deemed this motion withdrawn after Petitioner failed to file a brief in support of his motion. (Doc. 9.) Petitioner then renewed his motion to correct the caption of his petition on November 9, 2022. (Doc. 10.) The court promptly denied the motion and instructed Petitioner to file an amended petition on November 10, 2022. (Doc. 11.) The court received the amended petition naming Warden Jamison as respondent on November 30, 2022. (Doc. 12.) On December 2, 2022, the court entered an order serving a copy of the amended petition on Warden Jamison ("Respondent"). (Doc. 13.) Respondent filed a response to the petition on December 22, 2022. (Doc. 15.) Petitioner did not file a traverse.

In the amended petition, Petitioner challenges the decision of the Federal Bureau of Prisons ("BOP") to deny his request for home confinement placement based on his status as an "elderly offender" under the First Step Act. (Doc. 12, p. 7.)[1]

The court has since reviewed the BOP inmate locator, which reveals that Petitioner was released from federal custody on February 17, 2023. The BOP inmate locator is available at the following website: https://www.bop.gov/inmateloc/. This website reflects that Petitioner, having a "Register Number" of "15735-112," was "Released On: 2/17/2023." *See id*. Thus,

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2

on September 25, 2023, the Court issued an order directing Petitioner to show cause why his petition should not be dismissed as moot. (Doc. 16.) Petitioner has been released from custody and has not updated the court of his address. The order has been returned to the court as "unable to forward." (Doc. 17.)

## DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *See id*. (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." *See id.* (citing *DeFoy*, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction," *see id*. (citations omitted),

or sentence, *see Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." *See id.* (citing *United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences." *See Abreu*, 971 F.3d at 406 (citing *Burkey*, 556 F.3d at 148). Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'" *See id.* (quoting *Burkey*, 556 F.3d at 148). For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" *See id.* (quoting *Burkey*, 556 F.3d at 148).

Consistent with these principles, the court finds that, while the instant petition is generally moot, as Petitioner was released from federal custody on February 17, 2023, Petitioner may still obtain judicial review of his federal sentence if he can show that he continues to suffer from secondary or collateral consequences of that sentence. *See id.* Here, the period of time granted for Petitioner to demonstrate that he continues to suffer from secondary or collateral

consequences of his federal sentence has passed, and Petitioner has failed to respond. As a result, his petition will be dismissed as moot.

## CONCLUSION

Accordingly, for the reasons set forth above, Petitioner's Section 2241 petition will be dismissed as moot. An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 28, 2023